[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTIONS TO STRIKE (No. 113 AND No. 115)
The history of this case is set forth in this court's earlier memorandum dated April 17, 1990. Therein the court reserved decision on counts four, five and six pending compliance with Practice Book 390(d). There has been compliance and the court accepts jurisdiction.
The defendants' motions to strike counts four, five and six are denied. Such denial is in no way an endorsement by this court of the ultimate merits of the claims raised by the plaintiffs. Rather, the court's ruling is simply a recognition of the rule that a motion to strike challenges only the facial legal adequacy of the claims under attack. The complaint here, on its face, is sufficient to withstand such a challenge. This court cannot conclude, as a matter of law, that the plaintiffs state no valid cause of action on the face of their complaint. A motion to strike does not go beyond such inquiry.
The defendants assert that as a matter of law Article 8, of the Connecticut Constitution does not create a constitutional right to an individualized level of educational services. There is no Connecticut case law in point. The issue was not addressed in Horton v. Meskill, 192 Conn. 617 (1977). The baseline level of constitutionally mandated public education has not yet been fixed in Connecticut. CT Page 296
The plaintiffs also assert a denial of equal protection and of equal rights under the Connecticut Constitution, Article1, 1 and 20. Again, the complaint is facially valid and on a motion to strike the court will not delve below the surface. There is ambiguity sufficient to defeat this motion to strike in the language of Justice House in Horton v. Meskill, supra, at p. 645, wherein he stated:
 As other courts have recognized, educational equalization cases are "in significant aspects sui generis" and not subject to analysis by accepted conventional tests or the application of mechanical standards.
Thereafter, Justice House continued:
 As Mr. Justice Marshall put it in his dissent in Rodriguez (p. 89): "[T]his Court has never suggested that because some `adequate' level of benefits is provided to all, discrimination in the provision of services is therefore constitutionally excusable. The Equal Protection Clause is not addressed to the minimal sufficiency but rather to the unjustifiable inequalities of state action. It mandates nothing less than that `all persons similarly circumstanced shall be treated alike.' Id. pp. 645, 646.
Furthermore, it appears that evidence outside the record, particularly with respect to the equal protection and equal rights claims, may be necessary to decide these issues.
Accordingly, the motions to strike counts four, five and six are denied.
JOSEPH A. LICARI, JR., Judge